# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

PHILLIP W. LAWHON,

        Plaintiff,

v.                                CIVIL ACTION NO. 3:16-3732

WAL-MART STORES EAST, LP,
a foreign corporation, and
PURSUANT HEALTH,
a foreign corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 52) to include a spoliation claim. Defendants timely filed a Response in opposition, arguing that Plaintiff's amendment constitutes bad faith, would prejudice Defendants, and would be futile under Federal Rule 15(a)(2). *See Defs.' Resp. in Opp.*, ECF No. 56. To date, Plaintiff has not filed a reply or requested an extension to file out of time. The Court has considered Plaintiff's motion and agrees with Defendants that Plaintiff cannot meet the standards to amend pleadings under the Federal Rules. Accordingly, the Court **DENIES** Plaintiff's Motion to Amend (ECF No. 52).

To amend a pleading after the scheduling order's deadline has passed, the party seeking amendment must satisfy both Federal Rule of Civil Procedure 16(b)'s good cause standard for modifying the scheduling order and Rule 15(a)(2)'s standard for amending pleadings. *See Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 496 (4th Cir. 2015); *see also RFT Mgmt. Co.,*

*LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015); *Stanley v. Huntington Nat'l Bank*, 492 F. App'x 456, 461 (4th Cir. 2012); *Montgomery v. Anne Arundel Cty.*, 182 F. App'x 156, 162 (4th Cir. 2006). In this case, the Scheduling Order set June 20, 2016 as the deadline to amend pleadings. *See Scheduling Order*, ECF No. 10. Plaintiff's requested amendment concerns the current condition of the blood pressure kiosk at issue in the underlying case for negligence and premises liability. *Pl.'s Mot. to Am.*, ECF No. 52, at 2. The Court finds that Plaintiff has failed to meet the good cause standard to modify the scheduling order and the amending pleadings standard established in the Federal Rules.

Applying Rule 16(b), the Court finds that Plaintiff failed to establish how he acted with due diligence in requesting amendment to add the spoliation claim. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Nester v. Hampton Inn Princeton*, Civ. No. 1:13-03336, 2013 WL 5425123, at *2 (S.D.W. Va. Sept. 26, 2013) (citations omitted); *see also Essential Hous. Mgmt., Inc. v. Walker*, 166 F.3d 332 (4th Cir. 1998) (noting 16(b) considers diligence of party seeking amendment, not lack of bad faith or prejudice to opposing party). Here, Plaintiff states that Robert Lort's deposition, taken on February 21, 2017, alerted Plaintiff to the maintenance and repairs made to the blood pressure machine. *See Pl.'s Mot. to Am.*, ECF No. 52, at 1. However, Defendants assert that this information was properly disclosed during discovery responses in August of 2016. *Defs.' Resp. in Opp.*, ECF No. 56, at 5. Plaintiff did not provide a reason as to why the spoliation amendment could not have been made after these discovery responses. In fact, Plaintiff did not make any specific arguments to justify modifying the scheduling order and did not address Rule 16(b) in the Motion to Amend. Accordingly, the Court finds that Plaintiff did not act with due diligence in

seeking the requested amendment as the information was available in fall of 2016. Plaintiff cannot satisfy the good cause standard required under Rule 16(b).

Moreover, Plaintiff failed to respond to Defendants' challenges that the amendment could not survive Rule 15(a)(2)'s standard for amending pleadings. According to Rule 15(a)(2), "a party may amend its pleading [after the time for amendments as a matter of course] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should deny a motion to amend only if "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

Plaintiff argues that since discovery is ongoing, Defendants would not suffer prejudice with the additional spoliation claim. *Pl.'s Mot. to Am.*, ECF No. 52, at 2. Trial is currently set for August 22, 2017, and the parties must complete all depositions by May 15, 2017. *See Am. Scheduling Order*, ECF No. 49. Defendants challenged Plaintiff's assertion that prejudice would not result, stating that Defendants would need more discovery and expert witnesses to defend the claim, which would ultimately require extending the trial date again. *Defs.' Resp. in Opp.*, ECF No. 56, at 9. Further, Defendants argue that Plaintiff's added claim would be futile as he cannot prove a willful destruction of evidence or malicious intent when Plaintiff never requested the machine to be kept in original condition. *Id.* at 6. Plaintiff had asked Defendant to preserve the security video back in June of 2014 but never requested that the blood pressure kiosk be kept in the same condition. *Id.* Defendants also offered to let Plaintiff inspect the kiosk, but Plaintiff cites that this inspection would be "fruitless" and declined. *Id.* at 3. Finally, Defendants allege

that Plaintiff sought this amendment in bad faith as an attempt to cover up the lack of an expert report. *Id.* at 5-6. Plaintiff never responded to these challenges.

The Court is inclined to agree with Defendants that Plaintiff cannot meet the amending pleading standards set in Rule 15(a)(2). The Court will not opine on whether Plaintiff's actions were brought in bad faith, but the Court recognizes that Plaintiff's amendment would be futile and prejudicial. In order to prepare adequately for another claim not specifically related to the underlying claims (as spoliation would require different legal theories than negligence and premises liability as currently brought), Defendants would be forced to engage in more discovery than the current scheduling order allows. Moreover, Plaintiff has not demonstrated any willful destruction other than routine maintenance over a two-year period in which one would expect a company to continue to operate and repair a continuously used machine.[1] If Plaintiff had requested Defendants to maintain the blood pressure machine in the condition as it was in 2014, Plaintiff could potentially state a plausible claim. However, Plaintiff never made such request, and Defendants were not put on notice that any future repairs and maintenance would disrupt Plaintiff's ability to prevail on his underlying claims. The Court, thus, finds that Plaintiff cannot meet the amending pleading standards set forth in Rule 15(a)(2).

Accordingly, the Court **DENIES** Plaintiff's Motion to Amend (ECF No. 52) because Plaintiff cannot meet the good cause standard to modify the scheduling order under Rule 16(b) or the amending pleading standard under Rule 15(a)(2).

---

[1] A plausible claim for intentional spoliation of evidence requires facts to support seven elements. *See Williams v. Werner*, 770 S.E.2d 532, 539 (W. Va. 2015) (listing elements as: "(1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages" (emphasis and citation omitted)).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 18, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE